IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**NATHANIEL GRANT**     **PLAINTIFF**

**V.**     **NO. 4:19-CV-5-DMB-JMV**

**WASHINGTON COUNTY, MISSISSIPPI
(WASHINGTON COUNTY REGIONAL
CORRECTIONAL FACILITY), et al.**     **DEFENDANTS**

**ORDER**

On December 5, 2019, the deadline for the filing of *Daubert* motions, the defendants filed a memorandum brief[1] in support of an unfiled *Daubert* motion to strike one of the plaintiff's expert witnesses, Ramous Austin. Doc. #112. The next day, the defendants moved to file "out of time" the unfiled motion to strike Austin, Doc. #114, attaching as an exhibit the proposed motion to strike, Doc. #114-1. As grounds, the defendants represent that the motion to strike was not timely filed because "Defendants had multiple deadlines in multiple federal cases and overlooked filing its actual Motion to Strike along with its timely submitted Memorandum of Authorities" and that "[n]o delay, extra cost, or unfair prejudice will result." Doc. #114 at 1.[2]

Federal Rule of Civil Procedure 6(b)(1)(A) provides that "for good cause," a court may extend a deadline "before the original time or its extension expires." A party seeking an after-the-fact extension, however, bears the heavier burden of demonstrating both "good cause" and "excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B).

---

[1] According to the docket text, the document filed is a "MOTION to Strike /*Authorities Supporting Daubert*" but the document is titled "Authorities Supporting Defendants' *Daubert* Motion." *See* Doc. #112. The substance of the document reflects that it is indeed a memorandum brief, though it was docketed as a motion.

[2] Contrary to Local Rule 7(b)(10), the motion does not indicate whether it is opposed. Though the defendants represent that they "deposed Expert Austin in this case and made it clear that the admissibility of his opinions would be challenged," and that the "Plaintiff was clearly on notice of Defendants' intentions and arguments," Doc. #115 at 3, such does not indicate whether the plaintiff actually opposes the motion for leave.

> [A] determination of excusable neglect is an equitable conclusion that depends on context-specific factors such as (1) the danger of prejudice of a grant to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the justification for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.

*Hernandez v. Univ. of Tex.-Pan Am.*, 729 F. App'x 340, 341 (5th Cir. 2018) (quoting *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 468 (5th Cir. 1998)) (quotation marks omitted). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010).

Because (1) it does not appear the plaintiff would be prejudiced if the motion was granted, especially since the plaintiff has already responded to the *Daubert* memorandum, (2) the defendants seek only a one-day extension of the *Daubert* motions deadline and such an extension would not impact the judicial proceedings since the motion is fully briefed, (3) the reason for their delay appears to have been an oversight since they did file the memorandum brief in support of the *Daubert* motion, and (4) the defendants appear to be acting in good faith, the Court finds that both good cause and excusable neglect have been shown. Accordingly, the defendants' motion for leave [114] is **GRANTED**. The defendants may file the *Daubert* motion to strike attached to their motion for leave within three (3) days of entry of this order.[3]

**SO ORDERED**, this 22nd day of May, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] The Clerk of the Court is directed to immediately terminate as a motion the memorandum brief [112] incorrectly docketed as a motion. Once the defendants have filed their *Daubert* motion in accordance with this order, the Clerk of the Court shall modify the docket text for [112] to show that it is a memorandum brief and then link it to the filed *Daubert* motion.

2